### MENARD vs. RUST & AL.

A person, against whom an order of stay of proceedings has been granted is incapable of appearing in court in relation to his property.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. Menard, the surety of Rust who was curator of the estate of J. Alsop, stating that he had been compelled to pay two of the creditors of the estate, (Rust having failed to pay them) filed the accounts of the curatorship, and prayed that his bond might be cancelled, on his paying the balance due ; and that he might be subrogated to the rights of the estate on the curator, against whom he prayed judgment for the sum he had been obliged

to pay. The creditors were notified to oppose (if they saw fit) the homologation of the account filed, and the court of probates on the 12th of May, 1820, approved and homologated it, and after ordering the payment of law charges, directed the balance to be paid to Harrison, a creditor of the estate, and gave judgment in favour of Menard, against Rust, for $2040 90, subrogating the former to the rights of the estate on the latter.

This judgment was signified to Rust; a *fi. fa.* issued on it on the 15th May, on which the sheriff returned that no property was found.

On the 30th of August, Rust obtained a rule on Menard to show cause why the *fi. fa.* should not be set aside.

On the 3d of September, he obtained a like rule, accompanied by an injunction, but the rule was soon after discharged.

An alias *fi. fa.* now issued, on which the sheriff seized the defendant's right to a bond filed on the suit of *Graham & Rust* vs. *Gravier's heirs & al.*

A *pluries fi. fa.* was issued, under which the sheriff seized a claim of the defendant for $258 63, on a judgment rendered in the district court.

MENARD
*vs.*
RUST & AL.

An alias *pluries* issued, but a rule was obtained to show cause why it should not be set aside.

Whiten and Pierce now filed their petition, claiming the property seized under the alias, and obtained an injuction thereon.

Rust obtained a rule against Menard, to show cause why the alias *pluries* should not be set aside.

The court reinstated the first rule to show cause why the *fi. fa.* should not be set aside, and gave judgment:

1st That should the judgment of the 12th of May, 1820, be susceptible of being executed by the court of probates, Rust having obtained a stay of proceedings in the district court, and a meeting of his creditors, which was effected by Menard, the execution, taken out by him, before the opposition was acted on, issued irregularly.

That the judgment of the court of probates is valid in one respect, *i. e.* in favour of the heirs and creditors of the deceased, against the curator for the balance due by the latter, to the payment of which he is only personally bound before the court of probates; but when this balance is to be sued for by, or falls

eventually into the hands of, a person not entitled to sue in the court of probates, nor authorised by it to interfere in the estate; the suit to be instituted is an ordinary one, not within the jurisdiction of the court of probates,

East'n District.
*March*, 1823.

MENARD
*vs.*
RUST & AL.

The execution, and all the proceedings under it, were accordingly set aside and declared null and void—Menard appealed.

His counsel urges that,

1. A judgment pronounced, signed and notified to the party, cannot be avoided on motion by the court who rendered it.

2. The party who thinks himself injured, can only be relieved by the action of nullity, or by appeal.

3. In either case, the judgment stands till unreversed.

4. The surety of the curator was by his payment of the balance due by the latter, *ipso facto*, subrogated to all the rights of the heirs. Hence he could sue, as they might, in the court of probates.

5. Separated and unconnected parts of a record are inadmissible, in evidence.

6. A stay of proceedings against the property of a debtor, operates for the exclusive advantage of his creditors, and the debtor

MENARD
vs.
RUST & AL.

cannot invoke it, after the proceedings of the creditors are returned into court.

7. The debtor who does not prosecute his suit, and suffers the proceedings to be homologated, cannot avail himself of the stay to protect property afterwards acquired.

8. It is only by the homologation of the proceedings, that the stay, (with regard to the property) remains in force, and until all the property surrendered be sold, and the proceeds divided; yet property afterwards acquired remains liable.

9. The supineness of other creditors does not prevent any one of them (more diligent than the rest) to secure his payment, out of property acquired by the debtor, since the stay of proceedings.

10. The court of probates has but a limited jurisdiction. If it issue a *fi. fa.* and the title of the debtor, to the property seized, be contested, it cannot try the right of the party claiming it.

The defendant, Rust, by showing that an order issued staying all proceedings against his person and his property, shows that his capacity of standing in judgment, in relation to his property, has been suspended: till he shows

therefore, that he has been restored thereto, he cannot be heard in court.

The court of probates, on this appearing, ought to have discharged the rule, and erred in making it absolute.

It is therefore ordered, adjudged and decreed, that the judgment be reversed, and the court proceeding to give such a judgment as ought to have been given below; it is ordered, adjudged and decreed, that the rule be discharged, and that the appellees pay costs.